# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & J Sports Productions Inc., | No. CIV 12-550-TUC-FRZ-DTF |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Francisco Arvizu, individually and dba Pancho's Cantina & Grill, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Award of Costs and Attorneys' Fees. In accordance with the Rules of Practice of the Court, LRCiv 72(a), this matter was referred to Magistrate Judge Ferraro for Report and Recommendation. (Doc. 18.) The Magistrate Judge recommends that the District Court, after its independent review of the record, award costs in the amount of $470 and deny the request for fees.

## BACKGROUND

In the Complaint, Plaintiff J & J Sports Productions, Inc. alleged it was granted the exclusive rights to distribute "Fight of the Year: the Rematch!": Juan Manuel Marquez v. Juan Diaz, on Saturday, July 31, 2010. Plaintiff alleged Defendant Arvizu owns Pancho's Cantina and Grill in Douglas, Arizona, and the cantina unlawfully intercepted and broadcast the fight. The Complaint alleged three causes of action: (1) violation of 47 U.S.C. § 605, (2) violation of 47 U.S.C. § 553, and (3) conversion.

Defendant failed to respond to Plaintiff's Complaint or otherwise appear in this action. Default was requested and entered by the Clerk on December 17, 2012. (Doc. 13.) Thereafter, Plaintiff sought and was granted a default judgment in the amount of $3400 on January 17, 2014. (Docs. 18, 19.) The Court denied the request for conversion damages and did not resolve whether Plaintiff was awarded damages under § 553 or § 605. Docs. 16, 18.)

## ANALYSIS

Plaintiff was directed by the Court to comply with Local Civil Rules 54.1 and 54.2 in seeking costs and fees. (Docs. 16, 18.)

**Costs**

Plaintiff requests $350 for fees of the Clerk, $120 for fees for service of the summons and subpoena, and $600 in investigative expenses.[1] (Doc. 20, Ex. A.) Clerk's fees and service fees are recoverable under LRCiv 54.1(e)(1), therefore, these requests should be allowed.

Plaintiff seeks to recover the costs of his investigator as an "other" expense under LRCiv 54.1(e)(10). That provision allows recovery for other items "with prior Court approval." *Id.* Plaintiff did not seek or obtain prior court approval to tax its investigator expenses. Therefore, this request should be denied.

**Attorneys' Fees**

Plaintiff contends he is entitled to fees in the amount of $2163.75, based on 47 U.S.C. § 605. Section 605(e)(3)(B)(iii) provides the court "shall" direct the recovery of costs and attorneys' fees. As mentioned above, the Court's damages award was not specific to a violation of § 605 versus § 553. Contrary to § 605, § 553 allows but does not mandate a cost and fee award. 47 U.S.C. § 553(c)(2)(C). Regardless, because the undersigned finds Plaintiff's motion fails to comply with all provisions of the Local Rules, he recommends

---

[1] In his motion, counsel seeks costs in the amount of $1120. (Doc. 20 at 3.) This appears to be a clerical error because the total costs from the attached Bill of Costs is $1070. (Doc. 20, Ex. A.)

1  denying fees.[2]

2  The Local Rules require a Memorandum in Support of Motion for Award of
3  Attorneys' Fees and Related Non-Taxable Expenses, which is required to include a
4  discussion of three topics (and their sub-topics) with headings: eligibility, entitlement and
5  reasonableness of the award. LRCiv 54.2(c). Plaintiff did not include a memorandum and the
6  motion does not include a discussion of many of the sub-topics. In particular, the motion does
7  not address the legal authority, if any, for awarding fees for preparation of the fee motion,
8  LRCiv 54.2(c)(2), or most of the 13 topics under reasonableness of the award, LRCiv
9  54.2(c)(3)(A)-(M).

10  Plaintiff attached the required affidavit of counsel; however, in discussing the
11  reasonableness of his rate, counsel was required to discuss the terms of any written or oral
12  fee agreement. Fed. R. Civ. P. 54(d)(2)(B)(iv); LRCiv 54.2(d)(4)(B). Additionally, the fee
13  agreement is to be attached to the request for fees or, if no agreement exists, counsel must
14  attach a statement to that effect. LRCiv 54.2(d)(2). Plaintiff neither attached a fee agreement
15  nor discussed the fee agreement in his affidavit. Further, in discussing the reasonableness of
16  his billing rate, counsel cites and attaches the Laffey Matrix, which is based on the cost of
17  living in the Washington, D.C. area. (Doc. 20, Ex. C & Ex. 2.) Counsel provides no authority
18  for the use of this matrix for a case filed in Tucson, Arizona.

19  At the time judgment was entered, Plaintiff was counseled to comply with LRCiv 54.2
20  and has failed to do so. Additionally, the Court notes that the Court has declined to award
21  fees to this counsel in other cases for violation of the Local Rules. *J&J Sports Productions,*
22  *Inc. v. Mosqueda*, No. CV-12-00523-PHX-DGC (D. Ariz. Sept. 24, 2013) (declining to
23  award fees); *Joe Hand Promotions, Inc. v. Bernal*, No. CV-12-00726-TUC-RCC (D. Ariz.
24  March 14, 2014) (declining to award fees); J&J Sports Productions, Inc. v. Margaillan, No.
25  CV-13-00312-TUC-CKJ (D. Ariz. Jan. 15, 2014) (declining to award fees for preparation of

---

[2] Plaintiff cites LRCiv 54.2(b)(1)(A)&(B) in his motion, however, no such section exists and the provisions he purports to quote are not taken from the Court's rules. (*See* Doc. 20 at 2.) They are more closely related to Federal Rule of Civil Procedure 54(d)(2).

- 3 -

the motion for fees). Therefore, he was on notice of the relevant rules and the need to comply. For these reasons, Plaintiff's request for fees should be denied.

## RECOMMENDATION

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order granting in part and denying in part Plaintiff's Motion for Award of Costs and Attorney's Fees. The Court should award $470 in costs and deny the request for fees.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived.

DATED this 21st day of April, 2014.

D. Thomas Ferraro
United States Magistrate Judge